| | |
|---|---|
| DEMEATA O. WATSON ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | )     **ORDER** |
| | ) |
| DRIVEN BRANDS SHARED SERVS., | ) |
| ALEXANDER SMITH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on a Motion to Quash (Doc. No. 11), and a

Motion to Dismiss, (Doc. No. 12), filed by Defendants Driven Brands Shared Services and

Alexander Smith (collectively "Defendants").[1]

## I. BACKGROUND

Pro se Plaintiff filed this action on July 31, 2019, against her former employer Defendant

Driven Brand Shared Services, and her former supervisor Alexander Smith, alleging

discrimination and harassment based on Plaintiff's race, color, and sex, in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  On January 2, 2020, following a

motion by Plaintiff, the Clerk of this Court issued an entry of default against each Defendant.

(Doc. Nos. 11, 12).  On January 6, 2020, Defendants filed a motion to quash the entries of

---

[1]  Plaintiff's Complaint is unclear regarding whether it is filed solely against Driven Brands
Shared Services, LLC, as the case style lists "Driven Brands Shared Services c/o Alexander
Smith."

default and a motion to dismiss. (Doc. No. 11, 12). On January 7, 2020, this Court entered an

order in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff

of the requirements for filing a response to the motion to dismiss. Plaintiff did not respond to

either motion filed by Defendants, and the time to do so has passed. Thus, this matter is ripe for

disposition.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for

failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule

12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a

claim. <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992), <u>cert. denied</u>, 510

U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations

constitute "a short and plain statement of the claim showing the pleader is entitled to relief"

pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss,

factual allegations in the complaint must be sufficient to "raise a right to relief above a

speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Thus, a complaint

will survive if it contains "enough facts to state a claim to relief that is plausible on its face."

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). The

Court must draw all reasonable factual inferences in favor of the plaintiff. <u>Priority Auto Grp.,</u>

<u>Inc. v. Ford Motor Credit Co.</u>, 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis,

the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a

presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

#### A. Defendants' Motion to Quash

First, in their motion to quash, Defendants seek for this Court to set aside the entries of default against them. For the reasons stated in Defendants' motion and supporting memorandum, the motion is granted.

#### B. Defendants' Motion to Dismiss

Next, Defendants have filed a motion to dismiss, arguing that Plaintiff's Title VII action is barred by the applicable statute of limitations. The Court agrees. Title VII allows an aggrieved party ninety (90) days after receipt of the Equal Employment Opportunity Commission's ("EEOC") Right to Sue Notice to file a civil action. 42 U.S.C. § 2000e-5(f)(1). The ninety-day requirement operates as a statute of limitations that bars subsequently filed suits. Lewis v. Norfolk S. Corp., 271 F. Supp. 2d 807, 811 (E.D. Va. 2003). The ninety-day requirement for filing a lawsuit in Title VII actions has been strictly construed. See, e.g., Harvey v. City of New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987) (holding a suit filed ninety-one days after notice untimely); Boyce v. Fleet Finance Inc., 802 F. Supp. 1404, 1411 (E.D. Va. 1992) (ninety-two days untimely). Absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the 90-day period must be dismissed. Lewis, 271 F. Supp. 2d at 811 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392-93 (1982)).

While equitable tolling of the limitations period is generally available, it must be used

"sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). A plaintiff's pro se status provides no independent basis for an equitable tolling of the Title VII filing period. See Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147 (1984).

Plaintiff filed this action against Defendants on July 31, 2019. (Doc. No. 1). Plaintiff's Complaint alleges that she received the EEOC's Notice of Right to Sue on February 19, 2019, which was more than 162 days before Plaintiff filed this action. Id. Where it is apparent from the allegations of the Complaint and any attachments thereto that the claims are barred by the statute of limitations, dismissal is appropriate. Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). Here, by Plaintiff's own allegations, her claims are barred by the statute of limitations, requiring dismissal. Furthermore, Plaintiff has not presented any evidence showing the existence of "rare circumstances" that would warrant equitable tolling. See, e.g., Spencer, 239 F.3d at 630. Indeed, as noted, Plaintiff did not respond to Defendants' motion to dismiss. Accordingly, Defendants' motion to dismiss will be granted. See, e.g., Lassiter v. North Carolina Cmty. Health Ctr. Ass'n, 367 F. Supp. 3d 435, 439 (E.D.N.C. 2019) (granting motion to dismiss where plaintiff failed to file suit within 90 days after receiving a right to sue notice).

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed as to all Defendants.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion to Quash (Doc. No. 11), and Motion to Dismiss, (Doc. No. 12), are both **GRANTED**, and Plaintiff's action is dismissed.

(2) The Clerk is directed to terminate this action.

(3) ]

Signed: January 30, 2020

Max O. Cogburn Jr.
United States District Judge